IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE PERKINS, )<br>No. R16760, )<br> )<br>      Plaintiff, )<br> )<br>vs. )<br> )<br>WARDEN MARTIN, and )<br>UNKNOWN PARTIES, )<br> )<br>      Defendants. ) | Case No. 14-cv-00191-JPG |

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, District Judge:**

Plaintiff Willie Perkins, an inmate in Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an alleged failure to protect Plaintiff from his cellmate at Shawnee Correctional Center.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d

1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

According to the complaint and documentation attached to the complaint, in the early hours of the morning on October 13, 2013, Plaintiff Perkins' cellmate threatened to beat Plaintiff because Plaintiff was reading the Bible with the light on.  Plaintiff subsequently discussed the situation with his teacher; the teacher filled out a "movement sheet" aimed at securing a cell change for Plaintiff.  The request was relayed to an unidentified lieutenant.  Plaintiff later spoke with the lieutenant, who indicated that Plaintiff would be moved.  Two or three days went by without Plaintiff being transferred to another cell.  Plaintiff made additional requests for transfer to unidentified correctional officers, to no avail.  Three weeks after the initial threat, Plaintiff's cellmate attacked him, beating Plaintiff and biting his ear into three pieces.  *See* Doc. 1, pp. 5, 39-43.

The Court finds it convenient to frame the *pro se* action into a single, overarching count.  The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1: Unidentified Correctional Officers failed to protect Plaintiff from physical harm at the hands of his cellmate, in violation of the Eighth Amendment.**

**Discussion**

Prison officials have a duty under the Eighth Amendment to protect inmates from a substantial risk of serious harm, including violence at the hands of other inmates. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Washington v. LaPorte County Sheriff's Dep't,* 306 F.3d 515, 517 (7th Cir. 2002). Consequently, the complaint frames a colorable constitutional claim. However, Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir.2005) (citations omitted).

Warden Martin is named in the caption of the complaint, but there is no mention of him in the narrative of the allegations. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998). Insofar as the warden is the chief administrative officer of the facility, the doctrine of *respondeat superior*—supervisory liability—does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights, Illinois,* 662 F.3d 866, 870 (7th Cir.2011). Consequently, the complaint fails to state a claim regarding Warden Martin and he will be dismissed without prejudice for purposes of liability.

Although the complaint states a claim against the unidentified lieutenant and correctional officers, because Plaintiff cannot identify those defendants, the pleading is insufficient. Moreover, service of process and the complaint is impossible.

The Court may assist Plaintiff "by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible." *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). In order to assist Plaintiff in identifying the proper defendants in this action, Warden Martin shall remain as a named defendant, in his official capacity and for the sole purpose of identifying unknown defendants through expedited discovery. Once Plaintiff discovers the names of the lieutenant and correctional officers involved, he will be required to amend his complaint to include those defendants by name, and all defendants will be served with summons and the amended complaint.

**Pending Motions**

Also before the Court is Plaintiff's motion for recruitment of counsel (Doc. 4). There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc*., 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence

gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff Perkins does not indicate that he has made any attempt to secure counsel. On that basis alone, his motion fails.

Plaintiff has checked a box on the form motion indicating he does not speak, read or write English very well, and he adds that he is an "ABE student." Plaintiff does not elaborate on his course work or prior education. Adult Basic Education ("ABE") coursework is generally considered to be post-secondary education, usually aimed at learning skills that will make one more employable. More to the point, based on Plaintiff's pleadings to date, he is more than capable of drafting and issuing discovery requests seeking the names of the lieutenant and correctional officers. For example, the warden should be able to answer an interrogatory requesting the names of all correctional officers working in a particular building during a particular shift, or on certain days, or performing certain duties. There is no reason to think that the fact that Plaintiff takes blood thinners and heart medication affects his ability to pursue this case through trial.

Although the Court is declining to recruit counsel at this juncture, the Court will remain open to another motion as circumstances change.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's motion for recruitment of counsel (Doc. 4) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that, for the reasons stated, all claims against **WARDEN MARTIN** are **DISMISSED without prejudice**. **WARDEN MARTIN** shall remain a defendant

in his official capacity for the sole purpose of identifying unknown defendants through expedited discovery.

**IT IS FURTHER ORDERED** that on or before **June 9, 2014**, Plaintiff shall file an amended complaint naming at least one of the presently unidentified defendant correctional officials. Failure to file an amended complaint may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 26(d)(1), Plaintiff is hereby authorized to conduct early discovery aimed at identifying the proper defendants to this action.

The Clerk of Court is **DIRECTED** to prepare for Defendant **WARDEN MARTIN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Because Warden Martin is sued only in his official capacity for purposes of early discovery, he is not required to, but may, file an appropriate responsive pleading to the complaint.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  March 7, 2014**

                                      *s/ J. Phil Gilbert*
                                      **UNITED STATES DISTRICT JUDGE**