IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE PERKINS, <br> No. R16760, <br><br> Plaintiff, <br><br> vs. <br><br> WARDEN MARTIN, <br> CALVIN S. PIND, and <br> UNKNOWN LIEUTENANT, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 14-cv-00191-JPG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, District Judge:**

Plaintiff Willie Perkins, an inmate in Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an alleged failure to protect Plaintiff from his cellmate at Shawnee Correctional Center. His complaint was dismissed without prejudice and he was granted leave to file an amended complaint (Doc. 9). Now before the Court is Plaintiff's amended complaint (Doc. 14).

The amended complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

According to the complaint and documentation attached to the complaint, in the early hours of the morning on October 18, 2013, Plaintiff Perkins' cellmate threatened to beat Plaintiff—apparently because Plaintiff was reading the Bible with the light on, but Plaintiff is not sure. The cellmate had begun packing his things, and he told Plaintiff that he was about to do something that would get him sent to segregation. Plaintiff perceived that his cellmate was going to harm him.

Plaintiff subsequently discussed the situation with his teacher; the teacher filled out a "movement sheet" aimed at securing a cell change for Plaintiff. The request was relayed to an unidentified lieutenant. Plaintiff later spoke with the lieutenant and C/O Calvin S. Pind, informing them that he was in imminent danger. No action was taken and Plaintiff's cellmate subsequently attacked him, beating Plaintiff and biting his ear into three pieces.

The Court finds it convenient to frame the *pro se* action into a single, overarching count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1: C/O Pind and Unidentified Correctional Lieutenant failed to protect Plaintiff from physical harm at the hands of his cellmate, in violation of the Eighth Amendment.**

### Discussion

Prison officials have a duty under the Eighth Amendment to protect inmates from a substantial risk of serious harm, including violence at the hands of other inmates. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Washington v. LaPorte County Sheriff's Dep't,* 306 F.3d 515, 517 (7th Cir. 2002). Consequently, the complaint frames a colorable constitutional claim as to C/O Pind and the unidentified lieutenant.

Warden Martin was named in the caption of the original complaint, but there is no mention of him in the amended complaint. Thus, it appears that Plaintiff has abandoned any claim(s) against Warden Martin, who will be dismissed without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that any and all claims against **WARDEN MARTIN** are **DISMISSED** without prejudice. The Clerk of Court shall have the record reflect that **WARDEN MARTIN** is terminated as a party to this action.

**IT IS FURTHER ORDERED** that **COUNT 1** shall **PROCEED** against **CALVIN S. PIND** and **UNKNOWN LIEUTENANT**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for status (Doc. 17) is **DENIED AS MOOT**.

The Clerk of Court shall prepare for Defendant **CALVIN S. PIND**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.

If Defendant Pind fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant Pind no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant Pind (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant Pind is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Defendant **UNKNOWN LIEUTENANT** cannot be served with summons and the complaint until he is identified and named in a second amended complaint.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings, including consideration of Plaintiff's (second) motion for recruitment of counsel (Doc. 16).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), if all parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.  Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 16, 2014**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**